IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER DALE GRAVES,

    Plaintiff,                                   No. CIV S-07-0666-GEB-CMK P

    vs.

B. WILLIAMS, et al.,

    Defendants.                              ORDER

/

        Plaintiff is a prisoner who is proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

        On August 16, 2007, the court ordered the United States Marshal to serve the complaint on defendant Mallatt. Process directed to defendant Mallatt was returned unserved because defendant is "no longer at hospital, unable to locate." Although in forma pauperis status relieves a plaintiff of the responsibility of effecting service, plaintiff is still responsible for providing sufficient information to serve defendants. See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (failure of indigent defendant to provide sufficient information to serve defendants is sufficient reason to dismiss action for failure to obtain service). Plaintiff must provide additional information to serve this defendant.

1

1  Plaintiff shall promptly seek such information through discovery, the California
2  Public Records Act, Calif. Gov't. Code § 6250, et seq., or other means available to plaintiff.  If
3  access to the required information is denied or unreasonably delayed, plaintiff may seek judicial
4  intervention.  Once additional information sufficient to effect service is obtained, plaintiff shall
5  notify the court whereupon plaintiff will be forwarded the forms necessary for service by the U.S.
6  Marshal.  Plaintiff is cautioned that failure to effect service may result in the dismissal of
7  unserved defendants.  See Fed. R. Civ. P. 4(m).

8  Additionally, plaintiff named Brett Williams as a defendant in his complaint.  The
9  court previously found the complaint does not state a cognizable claim against this defendant
10 because plaintiff did not link defendant Williams to any alleged deprivation of his Eighth
11 Amendment rights.  However, plaintiff was not provided an opportunity to amend his complaint
12 to allege a sufficient link between defendant Williams' actions and plaintiff's alleged deprivation
13 of his Eighth Amendment rights.  Because it is possible that the deficiencies as to defendant
14 Williams identified by the court may be cured by amending the complaint, plaintiff is entitled to
15 leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).
16 Plaintiff is informed that, as a general rule, an amended complaint supersedes the original
17 complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if plaintiff
18 amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's
19 amended complaint complete.  See Local Rule 15-220.  An amended complaint must be
20 complete in itself without reference to any prior pleading.  See id.

21 If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
22 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
23 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
24 each named defendant is involved, and must set forth some affirmative link or connection
25 between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d
26 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the complaint against defendant Williams be dismissed, and the action will proceed against the other defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall promptly seek additional information sufficient to effect service on defendant Mallatt;

2. Plaintiff shall notify the court when additional information sufficient to effect service on defendant Mallatt is obtain and the court shall direct the Clerk of the Court to send plaintiff materials necessary for service;

3. Within sixty (60) days of the date of this order, plaintiff shall provide additional information about defendant Mallatt which is sufficient for service or he shall show cause, in writing, why he cannot provide such information;

4. Plaintiff may file an amended complaint within thirty (30) days of the date of this order; and

5. If no amended complaint is filed within the time allowed by this order, findings and recommendations will issue recommending the dismissal of defendant Williams from this action.

DATED: September 14, 2007.

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

3