IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER DALE GRAVES,

    Plaintiff,                     No. CIV S-07-0666-GEB-CMK P

    vs.

B. WILLIAMS, et al.,

    Defendants.              ORDER

                             /

          Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are three motions for summary judgment (Docs. 54, 55 & 67). Plaintiff has filed an opposition to one of the motions, and a request for a continuance of the motions under Federal Rule of Civil Procedure 56(f) (Doc. 76).

          This civil rights action stems from plaintiff's claim of deliberate indifference to medical care for a broken finger. Discovery is opened, however, due to delays in serving all of the named defendants, no scheduling order has been issued in this matter.[1] In plaintiff's opposition to the motion for summary judgment, he has requested the motions be continued to

---

[1] The court will issue a scheduling order if necessary once the dispositive motions have been ruled on. Until then, discovery remains open.

1

allow him time to depose his treating physicians. He claims that his physicians will testify to what treatment was required of his broken finger and what the effects of plaintiff's delayed surgery were. Accordingly, plaintiff states that the information he will receive from his treating physicians will raise a genuine issue of material fact he needs to properly oppose defendants' motions for summary judgment. Rule 56(f) allows the court to continue a motion for summary judgment to enable the parties to take depositions if the party opposing the motion for summary judgment shows by affidavit that he cannot present facts essential to justify its opposition. The court also finds that plaintiff has met this standard.

In addition, the court has allowed plaintiff an opportunity to depose a correctional officer through written questions. This deposition is still pending. The court finds that ruling on a motion for summary judgment prior to allowing plaintiff time to conduct the discovery he has been allowed to do would be premature.

Therefore, the motions for summary judgment will be continued to allow plaintiff time to take the depositions of the correctional officer and his treating physicians.[2] Plaintiff's opposition to the motions for summary judgment will be due within 30 days of completing the depositions.

In accordance with the above, IT IS HEREBY ORDERED that:

1.   Plaintiff's request for a continuance of the motions for summary judgment is granted;

2.   Plaintiff shall file his request to conduct depositions of his treating physicians by written question within 30 days of the date of this order;

3.   If plaintiff files his request to depose his doctors within the time provided, a due date for his opposition to summary judgment will be set by further order of the court; and

---

[2] The Clerk of the Court is directed to administratively terminate the motions for summary judgement as pending motions on the court's docket. This is an administrative action only, and defendants will not be required to re-file their motions.

4. If plaintiff fails to file his request to depose his doctors within the time provided, the court will deem his effort to seek additional discovery under Rule 56(f) abandoned. In this event, plaintiff's opposition to the motions for summary judgment will be due within 30 days of the deadline.

DATED: February 21, 2008

                                                  **CRAIG M. KELLISON**
                                                  UNITED STATES MAGISTRATE JUDGE