IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER DALE GRAVES,

   Plaintiff,       No. CIV S-07-0666-GEB-CMK P

 vs.

B. WILLIAMS, et al.,

   Defendants.     FINDINGS AND RECOMMENDATIONS

_____/

   Plaintiff is a prisoner who is proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's complaint filed April 9, 2007 (Doc. 1). Pending before the court is defendant Mallat's motion to dismiss (Doc. 52). Plaintiff filed an opposition to the motion (Doc. 62).[1]

**BACKGROUND**

   Plaintiff's complaint alleges that the named defendants acted with deliberate indifference to a serious medical need in violation of the Eighth Amendment. Generally, he

---

[1] Plaintiff's opposition was due on or before January 10, 2008. The opposition was filed on January 17, 2008, and was signed on January 15, 2008. Defendant Mallat has objected to the late filed opposition. However, as discussed below, the motion will be granted so the court considered the late filed opposition.

1

alleges that he broke his finger during a basketball game and the defendants failed to properly treat it. Specifically as to defendant Mallat, plaintiff states:

> On or about 7/19/2001, Plaintiff was taken to "Doctor's Hospital of Manteca" where he had his left hand and elbow x-rayed. While at Doctor's Hospital, Defendant [M. Mallat] - Physician's Assistant, told Plaintiff that his finger was not broken but had a severe sprain. (NOTE: If Plaintiff's finger was severely sprain, then, why was Plaintiff's broken finger looking like a crooked staircase?)

Complaint at 6 of 17.[2]

The only other reference to defendant Mallat is in plaintiff's "Cause of Action" section, wherein he makes some conclusory allegations that the "Defendants failed to diagnose, treat, or fix Plaintiff's non-life threatening serious injury, which was a broken finger . . ." and that the defendants failed to provide him medical services. He claims the defendants were deliberately indifferent to his medical needs "when said Defendants failed to actually look at Plaintiff's injuries. Instead, said Defendant's relied on bogus x-rays and fraudulent reports."

**MOTION TO DISMISS**

Defendant Mallat brings this motion to dismiss for failure to state a claim because plaintiff fails to allege or otherwise identify any conduct by Mr. Mallat that deprived plaintiff of a federal or state right.

In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). Allegations of specific facts are not necessary so long as the statement of facts gives the defendant fair notice of what the claim is and the grounds upon which it rests. See Erickson v. Pardus, 127 S. Ct. 2197 (2007). Weighing a motion to

---

[2] The date noted above is as stated in the complaint. However, reading the complaint as a whole, the court assumes this is a typo and plaintiff intended to state a date of July 19, 2006.

dismiss, the question is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hydrick v. Hunter, 500 F.3d 978, 985 (9th Cir. 2007).

In considering a motion to dismiss under this standard, the court must accept all allegations of material fact as true. See Erickson, 127 S. Ct. at 2197. The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer, 416 U.S. at 236; see also Hosp. Bldg. Co. v. Rex Hosp. Tr., 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

To determine whether a complaint states a claim upon which relief can be granted, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily lies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994). Under these standards, a statute of limitations defense may be raised in a motion to dismiss. Finally, leave to amend must be granted ". . . [u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

3

and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin,

4

974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).  The complete denial of medical attention may constitute deliberate indifference.  See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference.  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Here, plaintiff alleges that defendant Mallat mis-diagnosed his broken finger as a sprain.  According to the complaint, plaintiff was seen by defendant Mallat one time, on July 19, 2006.  Although he makes some conclusory allegations that defendant Mallat (as one of the "defendants" who relied on bogus x-rays and fraudulent reports) failed to diagnose, treat or fix his injury, plaintiff also states that defendant Mallat diagnosed him with a sprained finger.  Plaintiff does not in fact allege defendant Mallat acted with deliberate indifference in failing to provide plaintiff medical care.  Instead, plaintiff alleges that defendant Mallat mis-diagnosed his broken finger, which sounds in negligence, or possibly medical malpractice.  It does not, however, show deliberate indifference which is necessary for an alleged violation of the Eighth Amendment.

This is not a case where plaintiff was seen by defendant Mallat on a number of occasions and defendant Mallat refused to provide plaintiff with treatment.  Defendant Mallat saw plaintiff one time, presumably reviewed some of plaintiff's x-rays, and allegedly mis-diagnosed a broken finger as a sprain.  Plaintiff alleges the defendants, including Mallat, used

"bogus x-rays and fraudulent reports." However, he does not claim that Mallat knew the x-rays were "bogus" or "fraudulent" nor does plaintiff state how these x-rays and reports were false. Plaintiff argues his finger was misshapen and therefore obviously broken. However, his opinion that his finger was obviously broken and diagnosable by visual inspection is insufficient to find defendant Mallat was deliberately indifferent to his medical condition. Plaintiff has not alleged anything beyond a possible negligent diagnosis by defendant Mallat.

**CONCLUSION**

Based on the foregoing, the undersigned recommends that:

1. Defendant Mallat's motion to dismiss (Doc. 52) be granted;
2. Defendant Mallat be dismissed from this action; and
3. This action will proceed as against the remaining defendants.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 13, 2008

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE