IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER DALE GRAVES,

     Plaintiff,                      2:07-cv-0666-GEB-CMK-P

    vs.

B. WILLIAMS, et al.,

     Defendants.               <u>ORDER</u>

                              /

        Plaintiff, a state prisoner proceeding pro se, brings this action for relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for reconsideration (Doc. 121). The court will construe this motion as a request under Federal Rule 60(b).

        This case was referred to a United States Magistrate Judge pursuant to Eastern District of California Local Rules. On June 16, 2008, the magistrate judge issued findings and recommendations that defendant Mallat's motion to dismiss be granted. Plaintiff filed objections to the findings and recommendations. After reviewing plaintiff's objections to the findings and recommendations, the undersigned issued an order adopting the findings and recommendations in full, granting defendant Mallat's motion to dismiss and dismissing defendant Mallat from this action. Plaintiff claims the court erred in denying him leave to amend.

1

Under Rule 60(b), the court may grant reconsideration of a final judgment, or any order, based on, among other things: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason justifying relief. See Fed. R. Civ. P. 60(b). In this case, plaintiff bases his motion on claims of mistake.

First, plaintiff alleges that he should have been allowed an opportunity to file an amended complaint in order to state a claim against defendant Mallat. He claims that he was denied his right to file an amended complaint once as of right pursuant to Rule 15 because no defendant has filed a responsive pleading. However, plaintiff is mistaken. At the time defendant Mallat filed his motion to dismiss (Doc. 52), several other defendants had filed answers. (See Docs. 10, 11, 17, 18, and 26). Accordingly, plaintiff missed his opportunity to file an amended complaint once as of right pursuant to Rule 15(a). No mistake was made.

Next, plaintiff alleges the magistrate judge abused his discretion by not allowing plaintiff to amend his complaint. Leave to file an amended complaint need not be granted if it is clear that no amendment can cure the defects identified in the complaint. See Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). Here, plaintiff's complaint alleged that defendant Mallat "told Plaintiff that his finger was not broken but had a severe sprain." (Doc. 1 at 6). The magistrate judge specifically found that this was not a case where plaintiff was seen by defendant Mallat on a number of occasions and defendant Mallat refused to provide plaintiff with treatment. Plaintiff's complaint alleges that he was seen by defendant Mallat one time, and defendant Mallat told him he suffered from a sprain. As the magistrate judge stated, defendant Mallat may have been negligent or committed medical malpractice, but his actions did not rise to the level of a constitutional violation. The magistrate judge's decision was not clearly erroneous or contrary to law. Plaintiff has not made a showing that any mistake was made, nor that he would be able to amend his complaint to state a claim against defendant Mallat that goes beyond negligence. Therefore, there was no error in not granting plaintiff leave to amend his complaint.

1       Accordingly, IT IS HEREBY ORDERED that plaintiff's request for
reconsideration (Doc. 121) is DENIED.

Dated: December 22, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge

3