IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER DALE GRAVES,

    Plaintiff,                      No. CIV S-07-0666-GEB-CMK P

   vs.

B. WILLIAMS, et al.,

    Defendants.                 ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983.  Pursuant to this court's order (Doc. 44), plaintiff submitted questions for a written deposition of correctional officer R. Merritt (Doc. 47).  However, due to a clerical error, page three of plaintiff's proposed questions, containing questions numbered 18 through 27, was not properly scanned into the docket.  That error was resolved, and the defendants were ordered to file any objections they had to questions 18 through 27.  Defendant Whitney filed objections to questions 22 and 23 (Doc. 123).  No other objections have been received.  Plaintiff filed a response to defendant Whitney's objections (Doc. 125).

/ / /

/ / /

1

1    Question 22 states:

> Do you remember Dr. Whitney having a cordial conversation concerning, as to what the x-rays, had revealed, i.e., inmate GRAVES had no injury, his finger was broke, or his finger was definitely broke? And if it was broke, do you recall if anyone mentioned how many breaks his finger had?

Defendant objects to this question on the grounds that it calls for speculation and lacks foundation, and that the question is vague, ambiguous and compound. These objections are overruled. The question, although somewhat inarticulate and not stated concisely, does not call for speculation nor is it too vague or ambiguous. Plaintiff is asking the witness what he heard Dr. Whitney say as to the x-rays of his finger. There is no lack of foundation as plaintiff is asking what the witness heard. Finally, although the question is somewhat compound, as it is in written form, the court will allow it. The witness may respond to the question in two parts such as: a) whether the witness recalls a conservation concerning what the x-rays revealed; and b) if Dr. Whitney stated the x-rays revealed a broken finger, how many breaks did Dr. Whitney say the finger had.

Question 23 states:

> While you were standing, could you please describe and tell the court, what you saw, as to, Dr. Whitney taking any measures in helping inmate GRAVES's injury?

Defendant objects to this question on the grounds that it is vague and ambiguous as to time, place and scope of the question, and that the question calls for speculation and lacks foundation. The objections are overruled. Plaintiff's previous questions make it clear that he is referring to an examination by Dr. Whitney on November 9, 2006. The question does not call for speculation nor does it lack foundation as plaintiff is asking about what the witness saw.

The court now directs the Clerk of the Court to forward a copy of the questions to the deponent (Doc. 47) along with a subpoena issued by the court and a copy of this order. The deponent shall write out the answers to the questions numbered 18 through 27, swear to their truthfulness, and return them to the court within 30 days of the date of this order. The clerk shall

then forward copies of the answers to the parties.  Counsel for defendants are ordered to provide such assistance as is required within the prison to effectuate this order.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1.     The Clerk of the Court is directed to forward a subpoena, a copy of this order, and a copy of the written deposition questions (Doc. 47) to correctional officer R. Merritt, c/o Litigation Coordinator, Mule Creek State Prison, P.O. Box 409099, Ione, CA, 95640;

        2.     Mr. Merritt shall return the answers to questions 18 through 27 pursuant to subpoena to the court no later than 30 days after the date of this order; and

        3.     Upon receipt of the deposition answers, the Clerk of the Court shall forward copies to the parties.

DATED: December 22, 2008

                                      **CRAIG M. KELLISON**
                                      UNITED STATES MAGISTRATE JUDGE