IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER DALE GRAVES,

        Plaintiff,                      No. CIV S-07-0666-GEB-CMK P

    vs.

B. WILLIAMS, et al.,

        Defendants.               <u>ORDER</u>

_____/

        Plaintiff is a prisoner who is proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to compel (Doc. 111). Defendants have filed an opposition to the motion (Doc. 112).

        I.      BACKGROUND

        Plaintiff claims defendants failed to produce the documents request in his request for production of documents, wherein he requested copies of his x-rays. Plaintiff's request for production of documents was as follows:

> That the Defendants produce and provide a copy of all x-rays from Mule Creek State Prison, Doctors' Hospital of Manteca, U.C. Davis Medical Center, and Tuolumne General Hospital from July 16, 2006, to the present, for inspection, by mailing a copy of said x-rays to Plaintiff at Mule Creek State Prison, B10-147L, P.O. Box

1

1   409040, Ione, California, 95640-9000.

2   Defendants responded by objecting to this request. The defendants stated:

> This request seeks documents and tangible things that are not within the possession, custody and/or control of the responding party. The documents and tangible things requested are equally available, and/or perhaps exclusively available, to the propounding party such that this request is overly broad and burdensome.

In response to plaintiff's motion to compel, defendants claim that these are plaintiff's medical records and "Plaintiff has complete and unrestricted access to them, and defendants make no attempt to interfere in that access." (Doc. 112 at 2).

However, in support of his motion to compel, plaintiff has provided the court with a copy of the denial of his inmate 602 appeal. The Director's Level Appeal Decision states that plaintiff "is correct [in] his statement regarding access to his medical records," but that due to safety concerns, it was appropriate for plaintiff to be denied copies of his x-rays. However, the prison stated that plaintiff may obtain copies of his x-rays if subpoenaed by the court.

II.   MOTION TO COMPEL

Federal Rule of Civil Procedure 37(d) provides, in pertinent part, as follows:

> If a party...fails...to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or...to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraph (A), (B), and (C) of subdivision (b)(2) of this rule.

Pursuant to Rule 34(a)(1), "A party may serve on the other party a request within the scope of Rule 26(b) to produce . . . [certain] items in the responding party's possession, custody, or control." Thus, documents sought in discovery motions must be within the "possession, custody or control" of the responding party. Here, defendants claim they are not in possession, custody or control of plaintiff's medical records. The three defendants of whom plaintiff has requested copies of his x-rays are employees of the California Department of

Corrections and Rehabilitations. They are not, however, the custodians of plaintiff's medical records. As they indicate, these records are available to plaintiff directly.

The court agrees. Plaintiff should have access to all of the medical records in his prison medical file. However, the individual employees of the prison are not in possession, custody or control of these records. They should be more accessible to plaintiff than they are to the defendants. As such, the motion to compel will be denied.

### III. SUBPOENAS

However, plaintiff's filing will be construed as a request for the court to issue a subpoena to allow him access to his medical records. It appears to the court that a subpoena should not be required for plaintiff to have access to his medical records. But, based on the inmate appeals decision denying plaintiff the copies he has requested, it also appears that the prison is unwilling to provide plaintiff copies of his records without the assistance of the court. To that extent, the court will direct the Clerk of the Court to provide plaintiff with a blank subpoena. Plaintiff will be required to complete the subpoena, within 20 days, providing the relevant information including who the proper custodian of his medical records is, and specifically what medical records he is requesting. He shall then return the completed subpoena to the court. The court will forward the subpoena to the U.S. Marshal for service.

### IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (Doc. 111) is denied;

2. Plaintiff's motion is construed as a request for a subpoena of medical records, which is granted;

3. The Clerk of the Court is directed to send plaintiff a blank subpoena;

4. Within 20 days of the date of service of this order, plaintiff shall complete the subpoena with the relevant information and return the completed subpoena to the court; and

///

5. Upon receipt of the properly completed subpoena, the court will direct the U.S. Marshal to serve the subpoena upon the custodian of medical records.

DATED: December 22, 2008

/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

4