IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER DALE GRAVES,                        No. CIV S-07-0666-GEB-CMK P

        Plaintiff,

   vs.                                              ORDER

B. WILLIAMS, et al.,

        Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. Pursuant to an order of this court (Doc. 81), plaintiff was allowed an opportunity to submit deposition questions to his treating physicians and defendants were allowed an opportunity to file any objections they may have to those questions. Defendants were further provided an opportunity to submit any questions they may have for the doctors. Plaintiff timely filed his requests with proposed questions for Drs. Allen, Pepper and Tanji (Docs. 82, 84, 90, 99, 100). The defendants have filed objections (Docs. 86, 87, 92, 93, 96, 103, 104, 105, 106) to almost all of plaintiff's proposed questions. Plaintiff filed a response regarding objections to the proposed questions to Dr. Allen (Doc. 97). On December 15, 2008, the defendants were provided an opportunity to also submit questions for plaintiff's doctors. No questions from the

1

1 defendants have been received.

2       The defendants object to the questions plaintiff has offered on one or more of the
3 following grounds: they are vague and ambiguous, are speculative and lack foundation, are
4 incomplete hypotheticals or call for a narrative, are irrelevant or overbroad, and/or they are
5 leading and compound questions. Many of plaintiff's questions are as the defendants state.
6 However, given the situation in this case, plaintiff, as an incarcerated pro se litigant, will be
7 allowed some leeway in his questioning. Once the responses to plaintiff's questions are received,
8 the defendants may further object to the use of the deposition testimony through other means,
9 i.e., motions in limine, prior to trial.

10       Plaintiff's questions are compound, somewhat vague, and oftentimes speculative.
11 However, as these depositions are being conducted by written examination, the compound
12 questions can be understood and answered easier than if the examination was being conducted
13 orally. The doctors will be requested to answer to the best of their abilities. If the doctors do not
14 understand the questions being asked, they can state as much in their responses. Similarly, if the
15 doctors do not have the knowledge or information plaintiff seeks, they can so state in their
16 answers.

17       With the exception to question 12 asked of Dr. Allen (Doc. 84), all objections are
18 overruled and the court will allow the questions to be asked. As to plaintiff's question number
19 12 to Dr. Allen, this question is vague, ambiguous, and plaintiff fails to actually pose a question.
20 It appears this is an incomplete hypothetical which the court will not require Dr. Allen to answer.
21 The defendants' objections to Dr. Allen's question 12 is sustained.

22       The court now directs the Clerk of the Court to forward a copy of the questions to
23 each deponent as follows: Dr. Allen (Docs. 84); Dr. Pepper (Doc. 90); and Dr. Tanji (Doc. 100).
24 The addresses plaintiff has provided are as follows:
25 / / /
26 / / /

Dr. Jeffrey L. Tanji
U.C. Davis Regional Outreach Center of Heath & Technology
Department of Sports Medicine
2500 Stockton Blvd., Ste 3300
Sacramento, CA 95817-1415

Dr. Walter H. Pepper
PO Box 610
Tracy, CA 95378

Dr. Robert Allen
University of California Davis Health System
4860 Y Street, Ste. 1700
Sacramento, CA 95817

The Clerk of the Court shall also send each deponent a subpoena issued by the court and a copy of this order. Each deponent shall write out the answers to the questions for which objections have not been sustained[1], swear to their truthfulness, and return them to the court within 30 days of the date of this order. The clerk shall then forward copies of the answers to the parties.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's requests to depose Drs. Allen, Pepper and Tanji by written questions (Docs. 82, 90, 99) are granted;

2. The Clerk of the Court is directed to forward a subpoena, a copy of this order, and a copy of the written deposition questions (Docs. 84, 90, 100) to the appropriate deponent as outlined above, by U.S. Certified Mail;

2. Drs. Allen, Pepper and Tanji shall return their answers to the questions, pursuant to subpoena, with the attached Notice of Submission to the court no later than thirty days after the date of this order; and

/ / /

/ / /

---

[1] The only question for which an objection is sustained is question 12 asked of Dr. Allen (Doc. 84).

3

3.   Upon receipt of the deposition answers, the Clerk of the Court shall forward copies to the parties.

DATED: January 14, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

4

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER DALE GRAVES, | No. CIV S-07-0666-GEB-CMK P |
| Plaintiff, | |
| vs. | NOTICE OF SUBMISSION |
| B. WILLIAMS, et al., | |
| Defendants. | |
| _____/ | |

Deponent hereby submits answers to plaintiff's deposition question in compliance with the court's order and subpoena.

DATED: _____          _____
                                                              Deponent