IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER DALE GRAVES,                        No. CIV S-07-0666-GEB-CMK P

    Plaintiff,

  vs.                                   ORDER

B. WILLIAMS, et al.,

    Defendants.

_____/

    Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court are the following filings from plaintiff: (1) second request to depose Dr. Pepper (Doc. 151); (2) request to depose inmate Jorss (Doc. 152); (3) objections to the supplemental responses from c/o Merritt (Docs. 137, 138, 146, 153); and (4) a motion to compel a response from Dr. Tanji (Doc. 156).

<u>Plaintiff's Second Request to Depose Dr. Pepper (Doc. 151)</u>

    Plaintiff was previously permitted to conduct a deposition by written question to his treating physicians, including Dr. Pepper. Dr. Pepper responded to plaintiff's questions, and copies of his answers were provided to the parties. Plaintiff is now requesting to be allowed to ask Dr. Pepper some follow up questions in order to clarify some of his answers. Plaintiff was

1

allowed to depose Dr. Pepper as his treating physician. While Dr. Pepper would likely qualify as an expert, he has not been designated as such and plaintiff's previous deposition questions clearly asked the doctor questions in his capacity as a percipient witness, not an expert. Plaintiff has now submitted additional questions for Dr. Pepper. Plaintiff characterized his additional questions as follow up questions to clarify some of Dr. Pepper answers. However, plaintiff's questions are not follow up questions. Instead, his questions call for Dr. Pepper to express an expert opinion, as opposed to his own observations and perceptions. As mentioned above, Dr. Pepper has not been designated as an expert witness in this case. Therefore, the questions plaintiff proposes are inappropriate as follow up questions to a percipient witness. As such, the court will not authorize the submission of these questions to Dr. Pepper as follow up deposition questions.

### Merritt's Supplemental Responses (Docs. 137, 138, 146, 152, and 153)

Plaintiff objects to the supplemental responses he received to his deposition questions to correctional officer Merritt. He appears to be claiming that officer Merritt is not the one who answered the questions. Rather, plaintiff argues the Deputy Attorney General representing the defendants in this matter is the one who answered them. In support of his argument, plaintiff wishes to depose inmate Jorss.

The court does not find deposing inmate Jorss to be appropriate at this time. However, the court will require a response to plaintiff's filings relating to the question concerning officer Merritt's supplemental answers to the deposition questions and plaintiff's request to depose inmate Jorss. Accordingly, the defendants will be directed to respond to plaintiff's filings within 30 days.

### Motion to Compel (Doc. 156)

Finally, plaintiff is requesting an order compelling Dr. Tanji to respond to his deposition questions. Plaintiff was allowed to depose Dr. Tanji as one of his treating physicians by written question. Accordingly, the court issued a subpoena and forwarded the deposition

questions to Dr. Tanji via United States Certified Mail on January 15, 2009.  No response has been received by the court from Dr. Tanji.

The court understands plaintiff's request to have Dr. Tanji answer his questions. However, a motion to compel pursuant to Federal Rule of Civil Procedure 37 is a tool used to compel a party to comply with a discovery request.  It is not available to use against a non-party. As Dr. Tanji is not a party to this action, plaintiff's motion to compel must be denied.  However, by separate order, the court will inquire as to Dr. Tanji's failure to respond to the subpoena.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's second request to depose Dr. Pepper (Doc. 151) is denied;

2. Defendants are directed to respond to plaintiff's filings regarding officer Merritt's supplemental responses and his request to depose inmate Jorss within 30 days of the date of this order; and

3. Plaintiff's motion to compel responses by Dr. Tanji (Doc. 156) is denied.

DATED: May 4, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE