IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER DALE GRAVES, | No. CIV S-07-0666-GEB-CMK P |
| Plaintiff, | |
| vs. | ORDER |
| B. WILLIAMS, et al., | |
| Defendants. | |
| _____/ | |

       Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's objections to the supplemental responses he received to his deposition questions addressed to correctional officer Merritt. The court requested and has received a response from the defendants.

       Plaintiff appears to be claiming that Officer Merritt is not the one who answered the supplemental deposition questions. Rather, he argues, the Deputy Attorney General representing the defendants in this matter is the one who answered them. In response, defense counsel states Plaintiff's remedy for his perception of a difference between his own memory of what Officer Merritt might have told him out in the yard and Officer Merritt's supplemental responses is to object and cross examine Officer Merritt at trial.

       There appears to be some confusion as to Officer Merritt's answers, which was complicated by technical difficulties. Plaintiff's original set of deposition questions addressed to

Officer Merritt was not completely scanned into the court's system.  Once Plaintiff objected to not receiving answers to all of his questions, the error was found and remedied.  The missing questions were then sent out to Officer Merritt for a response.  It is the second set of questions which Plaintiff is claiming was not answered directly by Officer Merritt.

Plaintiff has provided the court with the verification that Officer Merritt signed in relation to his supplemental responses.  There is not sufficient evidence before the court for a finding that Officer Merritt did not participate in answering Plaintiff's questions.  Plaintiff has provided no evidence or argument, other than the answers differ from his memory and what he expected Officer Merritt to have answered, that could convince the court that the questions were answered by someone other than Officer Merritt, or at least at Officer Merritt's direction.  As evidence that he personally participated in the answers, Officer Merritt signed the verification, which Plaintiff provided to the court.

As the defense points out, if Plaintiff's memory is different or if he believes officer Merritt's responses were not his own, he may object and cross examine Officer Merritt at trial.  Plaintiff's objection is noted and overruled without prejudice to his ability to raise the issue at trial.

As to Plaintiff's request to depose a fellow inmate, the court does not find deposing inmate Jorss is appropriate and Plaintiff's request to do so will be denied.  As to Plaintiff's request for an evidentiary hearing, the court finds no basis for holding such a hearing.  Plaintiff will have an opportunity to call both officer Merritt and inmate Jorss as witnesses at trial, if they have actual knowledge of relevant facts.  Plaintiff's request for an evidentiary hearing will therefore be denied.

It also appears to the court that all requested depositions which were allowed are now complete.  The court still has before it Defendants' motions for summary judgment, which were continued and administratively terminated pending completion of the depositions of Plaintiff's treating physicians.  The court previously ordered the Plaintiff's opposition to the

motions for summary judgment be due 30 days after the depositions are complete. Therefore, Plaintiff will have 30 days from the date of this order to submit his opposition to the motions for summary judgment (Docs. 54, 55, 67).

Plaintiff was previously advised of the requirements for opposing a motion for summary judgment, pursuant to <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988). Plaintiff is again advised that such a motion is a request for an order for judgment in favor of defendants without trial. A defendant's motion for summary judgment will set forth the facts that the defendants contend are not reasonably subject to dispute and that entitle the defendants to judgment. To oppose a motion for summary judgment, plaintiff must show proof of his or her claims. Plaintiff may do this in one or more of the following ways. Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies. Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated. Plaintiff may rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are. Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. If plaintiff fails to contradict the defendants' evidence with counteraffidavits or other admissible evidence, the defendants' evidence may be taken as the truth and the defendants' motion for summary judgment granted. If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone considering the defendants' motion. If plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendants' motion. If the defendants' motion for summary judgment, whether opposed or

unopposed, is granted, judgment will be entered for the defendants without a trial and the case will be closed.

Finally, discovery in this case is now closed. (See Doc. 147). Any new discovery requests were ordered to be served no later than March 30, 2009, and motions to compel were to be filed by May 29, 2009. Those dates have now passed. Although several defendants have already filed motions for summary judgment, several others have not and no dispositive motion deadline has been set. The court will therefore set a dispositive motion deadline of August 21, 2009. Any additional dispositive motions shall be filed on or before that deadline. Plaintiff's response to any additional dispositive motions filed will be due 21 days after the date of service of the motion. See Local Rule 78-230(m) ("Opposition, if any, to the granting of the motion shall be served and filed with the Clerk by the responding party not more than eighteen (18) days, plus three (3) days for mailing or electronic service, after the date of service of the motion.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's objections to officer Merritt's deposition answers are noted and overruled without prejudice to raising the issue at trial;

2. Plaintiff's request to depose inmate Jorss is denied;

3. Plaintiff's request for an evidentiary hearing is denied;

4. Plaintiff shall file an opposition, if any, to the pending motions for summary judgment (Docs. 54, 55, 67) within 30 days from the date of this order; and

5. All dispositive motions shall be filed on or before August 21, 2009.

DATED: June 24, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

4