IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER DALE GRAVES,                     No. CIV S-07-0666-KJM-CMK P

       Plaintiff,

   vs.                                         ORDER

B. WILLIAMS, et al.,

       Defendants.

_____/

       Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983.  Pending in this case are several motions for summary judgment, and one unresolved discovery issue.

       The undersigned issued findings and recommendations recommending the motions for summary judgment be granted as plaintiff failed to provide any evidence that the defendants acted with deliberate indifference to his medical needs.  As set forth in the findings and recommendations, there are two prongs in any claim for deliberate indifference to a prisoner's medical needs.  The first prong requires an objective showing that the defendant actions were so serious that they resulted in the denial of the minimal civilized measure of life's necessities.  The second prong requires a subjective showing that the defendants acted wantonly

for the purpose of causing harm.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  In analyzing the motions for summary judgment, the undersigned determined that plaintiff could not meet the second, subjective, prong, that the defendants acted with the necessary intent.

The District Judge reviewed the findings and recommendations, the objections filed in response thereto, and the docket as a whole.  In so reviewing, the District Judge found an unresolved discovery issue that was lost in the lengthy and convoluted docket.  This unresolved discovery issue relates to plaintiff's request to treat his treating physician, Dr. Allen, as an expert witness and allow additional deposition questions to be propounded on Dr. Allen.  The undersigned had originally denied plaintiff's request to treat Dr. Allen as an expert witness due to plaintiff's failure to comply with Federal Rule of Civil Procedure 26.  Upon motion for reconsideration, the District Judge affirmed this decision but allowed plaintiff the opportunity to renew his request to treat Dr. Allen as an expert witness upon showing his compliance with Rule 26(a)(2).  Plaintiff filed a renewed request setting forth his showing that he attempted to comply with Rule 26.

Rule 26(a)(2) requires the parties to disclose the identity of any expert witness intended to be called to testify at trial, along with a written report if the witness is retained or specially employed to provide expert testimony.  See Fed. R. Civ. Proc. 26(a)(2)(A), (B).  Treating physicians are generally exempt from the written report requirement to the extent their testimony relates to the treatment actually provided to the party.  However, where a treating physician is testifying beyond that, a written report is necessary as the physician then crosses the line from treating physician to expert witness.  See Goodman v. Staples The Office Supersotre, LLC, 644 F.3d 817, 826 (9th Cir. 2011) (holding that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment.").  Here, plaintiff argues that he did disclose the identity of his physician, Dr. Allen, to be treated as an expert.  However, even if the court were to accept this disclosure as sufficient, plaintiff failed to provide the necessary written report for Dr. Allen to testify beyond

his treatment of plaintiff and as an expert witness. The deposition questions posed to Dr. Allen were allowed to the extent he was testifying as a percipient witness, but without the written expert report, he could not be treated as an expert witness. Plaintiff fails to provide the court with any expert witness report. All that is provided are the answers to his deposition questions and Dr. Allen's curriculum vitae. There is no actual report provided. Even if, as plaintiff appears to argue, Dr. Allen was not required to submit an expert report to testify beyond his treatment of plaintiff, Rule 26(a)(2)(C) requires that the disclosure of an expert witness to provide both the subject matter and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. Proc. 26(a)(2)(C)(i)-(ii). Plaintiff's statement of his intent to question Dr. Allen as an expert witness as to whether his finger was broken, is insufficient to allow Dr. Allen to testify as an expert witness beyond his treatment of plaintiff.

In addition, the undersigned finds allowing additional questions of Dr. Allen to be irrelevant in this case. As set forth above, the undersigned found plaintiff was unable to produce any evidence to support his contention that the defendants acted with the necessary intent under the second, subjective prong of the Eighth Amendment requirements. Without any evidence that the defendants acted with the necessary intent, there is no factual dispute to survive summary judgment. As Dr. Allen could only testify as to the first, objective prong as to whether the defendants' acts were so serious that they resulted in the denial of plaintiff's necessary medical care. Dr. Allen's testimony could not provide plaintiff with evidence of the defendants' intent. Thus, even if the court were to consider Dr. Allen an expert witness in this case, it would be insufficient to establish a genuine issue as to a necessary material fact in order to defeat summary judgment.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff failed to show compliance with Federal Rule of Civil Procedure 26(a)(2) in order to designate Dr. Allen as an expert witness;

/ / /

2. Plaintiff's request to treat Dr. Allen as an expert witness, and pose additional deposition questions to Dr. Allen as an expert witness is denied;

3. The undersigned finds that any testimony from an expert medical witness would be insufficient to defeat the motions for summary judgment as the testimony would only support plaintiff's contention that his injury was sufficiently severe and the defendants actions denied him necessary medical care; expert witness testimony could not support plaintiff's contention that the defendants acted with the necessary intent to violate his Eighth Amendment rights; and

4. Any attempt to obtain additional testimony from Dr. Allen as a medical expert is moot.

DATED: April 16, 2012

                                                _____
                                                **CRAIG M. KELLISON**
                                                UNITED STATES MAGISTRATE JUDGE